**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 19-2364**

SYL ROGERS,

     Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

     Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 30, 2020         Decided: May 11, 2020

Before GREGORY, Chief Judge, AGEE, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Syl Rogers, Petitioner Pro Se. Tim Ramnitz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Syl Rogers, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and special cancellation of removal under 8 U.S.C. § 1229b(b)(2) (2018). We deny the petition for review.

When reviewing an administrative decision to grant or deny cancellation of removal under 8 U.S.C.A. § 1229b(b), we have jurisdiction only over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D) (2018); *see Jean v. Gonzales*, 435 F.3d 475, 479-80 (4th Cir. 2006) (holding that, under § 1252(a)(2)(B)(i), (D), court has no jurisdiction over any aspects of denial of relief under § 1229b except constitutional claims or questions of law); *Obioha v. Gonzales*, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision bars our jurisdiction to review a decision of the B[oard] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). We have considered Rogers' arguments concerning the denial of cancellation of removal and conclude that he does not raise a reviewable constitutional claim or question of law concerning the dispositive findings that he was not the victim of abuse or extreme cruelty by his spouse and he did not establish good moral character.

We are without jurisdiction to review the agency's finding that Rogers' asylum application was untimely and he failed to establish circumstances justifying a waiver of the one-year time limit. 8 U.S.C. § 1158(a)(3) (2018); *see also Mulyani v. Holder,* 771 F.3d 190, 196-97 (4th Cir. 2014) (holding that judicial review of timeliness is unavailable). We

2

further conclude that the agency's finding that Rogers was ineligible for withholding of removal is supported by substantial evidence.[*] *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (stating standard of review).

We lack jurisdiction to consider Rogers' claim that he was denied due process during the course of his bond proceedings because he failed to exhaust this issue on appeal to the Board. *See* 8 U.S.C. § 1252(d)(1) (2018) (stating that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and [we] lack[] jurisdiction to consider them."). Furthermore, we see no reason to reverse the Board's finding that Rogers received a full and fair hearing on his applications for relief from removal.

Accordingly, while we grant Rogers' motion for leave to proceed on appeal in forma pauperis, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Review of the denial of protection under the CAT is waived because Rogers did not challenge the decision in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").